## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM RAGER and DOROTHY RAGER ) ) ) Plaintiff, ) v. ) ) CBS CORP., et al. ) ) Defendants. ) _____) | CIVIL ACTION NO.: 3:20-CV-00165 MARCH 17, 2020 |

### FORM 26(f) REPORT OF PARTIES' PLANNING MEETING

**Date Complaint filed:** 12/30/19

**Date Complaint served:** 1/2/20 (on General Electric Company)

**Date of Defendant's appearance:**

- 2/05/20    Catherine A. Mohan and Tara Anne Sheldon for General Electric Company
- 2/7/20     Christopher Collings *Pro Hac Vice* for General Electric Company (granted 2/10/20)
- 2/19/20    Wayne E. George and Michael C. D'Agostino for Elliott Company
- 3/9/20     Erik C. DiMarco for Electro Dynamic Corporation

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, discussions were held during the week of March 10, 2020 for the purpose of having a conference to discuss the Rule 26(f) report. The participants were all counsel as listed above.

**I.    Certification:**

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

1

## II. Jurisdiction:

### A. *Subject Matter Jurisdiction.*

Defendant General Electric Company removed this action from the Superior Court of the State of Connecticut to United States Federal Court for the District of Connecticut based on federal officer jurisdiction pursuant to 28 U.S.C. Sec. 1442(a)(1). The plaintiffs contest the subject matter jurisdiction of this Court.

### B. *Personal Jurisdiction.*

To date, no party has contested personal jurisdiction.

## III. Brief Description of Case:

### A. *Claims of Plaintiff:*

The plaintiffs claim that William Rager was diagnosed with asbestos-related mesothelioma. The plaintiffs assert various causes of action, including claims for strict products liability, negligence, failure to warn, breach of warranty, loss of consortium and recklessness. The plaintiffs claim that Mr. Rager was exposed to asbestos during his service in the Navy from 1962-1966 and while working as an industrial electrician from 1966-1979 and that those exposures substantially contributed to the development of his mesothelioma. The plaintiffs claim that they are entitled to compensatory and punitive damages.

### B. *Defenses and Claims (Counterclaims, Third Party Claims, Cross Claims) of Defendant:*

The defendants deny the allegations of the plaintiffs' Complaint. Specifically, the defendants deny that Mr. Rager inhaled respirable asbestos fibers, which were released from their products, let alone in sufficient quantities to cause his alleged injuries. The defendants deny that their alleged actions or inactions caused or contributed to Mr. Rager's alleged injuries in any way. Rather, the defendants assert that the injuries at issue in the plaintiffs' Complaint

2

were caused by parties other than defendants in addition to Mr. Rager's actions. In addition, the defendants have asserted cross-claims for contribution and/or indemnification against all other co-defendants. Whether or not the defendants ultimately contributed to Mr. Rager's injuries, certain defendants claim that they were military contractors acting under color of federal office (including but not limited to, the United States Maritime Commission, the United States Navy and the Department of Defense) and are therefore legally immune from liability for harm caused by their products. In addition, the defendants aver that plaintiffs' claims are barred as outlined in the Affirmative Defenses contained in each respective defendant's answer. There are no counterclaims.

    C.    *Defenses and Claims of Third-Party Defendants:*

There are no third-party defendants in this case.

**IV.    Statement of Undisputed Facts:**

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties agree that, as of the date of this Report, it is too early for a meeting of the minds as to what facts will or will not be in dispute.

**V.    Case Management Plan:**

    A.    *Standing Order on Scheduling in Civil Cases.*

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases in accordance with the timeframes set forth herein. This is a complex civil action concerning numerous parties and questions of law and fact that will require scheduling deadlines beyond those contemplated by the Standing Order on Scheduling in Civil Cases.

    B.    *Scheduling Conference with the Court.*

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

    C.    *Early Settlement Conference.*

        1.    The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice and it appears that early settlement *may* be possible.

        2.    The parties request an early settlement conference.

        3.    The parties consent to an early settlement conference either with a magistrate or with the presiding judge.

        4.    The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

    E.    *Joinder of Parties and Amendment of Pleadings.*

        1.    Plaintiffs should be allowed until April 10, 2020 to file motions to join additional parties and until April 10, 2020 to file motions to amend the pleadings. At this time, however, the plaintiffs do not intend to join additional parties or amend the pleadings.

        2.    Defendants should be allowed until May 11, 2020 to file motions to join additional parties and until May 11, 2020 to file a response to the complaint and/or amended complaint. At this time, however, the defendants do not intend to join additional parties.

    F.    *Discovery.*

        1.    The parties anticipate that discovery will be needed on the following subjects:

    i.    the factual underpinnings of the defendant's defenses, including the government contractor, federal officer, and state-of-the-art defenses;

    ii.    the plaintiff's damages, including medical causation issues;

    iii.    whether the plaintiff ever worked with or around products manufactured, sold or distributed by the defendants, including details regarding the presence of the defendant's products on the plaintiff's job sites and whether those products contained or utilized any asbestos;

    iv.    successor liability if the defendant disputes liability for any of the asbestos products at issue;

    v.    the defendant's historical knowledge regarding the health hazards of asbestos and when the defendant began to substitute asbestos with non-asbestos substitutes;

    vi.    whether and, if so, to what extent the plaintiff was exposed to asbestos from alternative sources; and

    vii.    issues concerning the relative substantive law to be applied in this case.

2. All fact discovery pursuant to Fed. R. Civ. P. 26(b)(4), will be completed by October 31, 2021.  The parties expressly agree herein, however, that the depositions of defendants' corporate 30(b)(6) witnesses and plaintiff's and defendants' expert witnesses may continue up until two (2) weeks prior to trial.  This agreement shall not be used as the basis for any motion

for protective order. This agreement does not apply to any witness who will offer product identification testimony. Rather, this agreement recognizes the past practice with regard to prosecution and defense of asbestos-related personal injury actions in the State of Connecticut.

3. Discovery will not be conducted in phases except as to the extent agreed in the preceding subparagraph.

5. At this time, it is difficult for the parties to estimate the total number of depositions of fact witnesses. The plaintiff will likely require at least one deposition of each of the defendant's corporate representatives. Defendants will require one (1) deposition for each product identification witness disclosed by the plaintiff and one (1) deposition for each damages witness disclosed by the plaintiff. These depositions will be completed by October 31, 2020.

6. The parties stipulate and agree that they may file more than 25 interrogatories and production requests upon each other without seeking permission from the Court.

7. Plaintiffs intend to call expert witnesses at trial. Plaintiffs will designate all trial experts by December 31, 2020, or if motions for summary judgment are filed, within thirty (30) days after a final ruling on said motions for summary judgment. Depositions of any such experts will be completed by February 28, 2021, or if motions for summary judgment are filed, within ninety (90) days after a final ruling on motions for summary judgment. The parties further stipulate that expert reports may be

produced either two (2) weeks prior to the deposition (if a deposition is requested) or two (2) weeks prior to the trial date (if no deposition is requested).

8. Defendant intends to call expert witnesses at trial. Defendants will designate all trial experts by January 31, 2021, or if motions for summary judgment are filed, within one hundred and twenty (120) days after a final ruling on motions for summary judgment. Deposition of any such experts will be completed by March 31, 2021, or if motions for summary judgment are filed, within one hundred and eighty (180) days after a final ruling on motions for summary judgment. The parties further stipulate that expert reports may be produced either two (2) weeks prior to the deposition (if a deposition is requested) or two (2) weeks prior to the trial date (if no deposition is requested).

9. A damages analysis will be provided by any party who has a claim or counterclaim for damages by August 31, 2020.

10. Undersigned counsel have begun discussing the disclosure and preservation of electronically stored information ("ESI"), including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and all allocation of costs of assembling and producing such information. The parties agree that the disclosure and preservation of ESI is not relevant at

this time. The parties will agree on a complete procedure to govern the preservation, disclosure and management of ESI if and when it is determined that discovery of ESI will be an issue in this case.

11. Undersigned counsel have also discussed the location(s), volume, organization, and costs of retrieval of information stored in paper or other non-electronic forms. The parties will agree on a complete procedure to govern the preservation, disclosure and management of such information if and when it is determined that retrieval of such information will be an issue in this case.

12. Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The parties have agreed to the following discovery procedures for the minimization of the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production: (i) any privileged information that is inadvertently disclosed by a party shall be promptly returned to the disclosing party or formally segregated from the other discovery documents and cannot be used by the recipient for any purpose, pending further order of the Court; (ii) any party may file a motion with the Court to determine whether privileged information which is inadvertently disclosed may be used by the recipient or should be returned or destroyed; and (iii) any party may file a motion with the Court for a protective or confidentiality order. The parties will agree upon and

>
> submit to the Court for its approval and order a mutually agreed upon protective order to protect trade secret information and confidential/proprietary business and other sensitive information from improper and/or inadvertent use and/or disclosure.
>
> 13. Pursuant to F.R. Civ. P. 5(b)(2)(E), the parties agree to accept service by electronic mail of all documents not required to be filed with the Court and served via the CM/ECF system.

**G.  Dispositive Motions.**

Dispositive motions will be filed on or before April 30, 2021.

**H.  Joint Trial Memorandum.**

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by May 31, 2021 or, if summary judgment motions are filed, within two hundred and ten (210) after a final ruling on same.

**VI.  Trial Readiness:**

The case will be ready for by June 30, 2021 or, if summary judgment motions are filed, within forty-five (45) days after the filing of the Joint Trial Memorandum.

As officers of the Court, the undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

Respectfully submitted,

        PLAINTIFFS,
        WILLIAM RAGER and DOROTHY RAGER

By: */s/Christopher Meisenkothen, Esq.*
    Christopher Meisenkothen, Esq.
    Federal Bar # ct20906
    Early, Lucarelli, Sweeney & Meisenkothen, LLC
    265 Church Street – 11th Floor
    New Haven, Connecticut 06510
    203-777-7799
    203-785-1671 (fax)
    cmeisenkothen@elslaw.com

DEFENDANT,
GENERAL ELECTRIC COMPANY

By: */s/ Catherine A. Mohan*
    Catherine A. Mohan (ct00340)
    Tara Anne Sheldon (ct29898)
    McCARTER & ENGLISH, LLP
    185 Asylum Street
    Hartford, CT  06103
    Tel: (860) 275-6700
    Fax: (860) 724-3397
    Email: cmohan@mccarter.com
    Email: tsheldon@mccarter.com

DEFENDANT,
ELLIOTT COMPANY

By: */s/ Michael C. D'Agostino*
    Michael C. D'Agostino (ct17294)
    MORGAN, LEWIS & BOCKIUS LLP
    One State Street
    Hartford, CT  06103
    Telephone: (860) 240-2700
    Facsimile: (860) 240-2701
    michael.dagostino@morganlewis.com


DEFENDANT,
ELECTRO DYNAMIC CORPORATION

By: */s/ Erik C. DiMarco*
    Eric C. DiMarco, Esq. (ct19417)
    Gordon & Rees, LLP
    1 Battery Park Plaza, 28th Floor
    New York, NY 10004
    Tel: (212) 269-5500
    Fax: (212) 269-5505
    edimarco@gordonrees.com

**CERTIFICATION**

  I hereby certify that on March 17, 2020, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated below. Parties may access this filing through the Court's CM/ECF System.

            By: /s/ Catherine A. Mohan
               Catherine A. Mohan